IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA,

ANTHONY DENARD,

    Petitioner,                   No. CIV-S-02-2639 LKK KJM P

    vs.

MIKE KNOWLES,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a second amended application for writ of habeas corpus under 28 U.S.C. § 2254.

        On October 16, 2003, based on respondent's motion to dismiss, the court dismissed petitioner's first amended application for writ of habeas corpus for failure to exhaust state court remedies with respect to all of his claims. In that October 2003 order, petitioner was given leave to file a second amended habeas petition and informed that any such petition could contain only claims for which state court remedies had been exhausted. Petitioner was warned that failure to adhere to the court's October 16, 2003 order would result in this action being dismissed.

/////

/////

1

Petitioner filed a second amended application for writ of habeas corpus on November 13, 2003. Petitioner again failed to exhaust state court remedies with respect to all of his claims.

On January 11, 2006, the court ordered petitioner to show cause why, among other things, this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for petitioner's failure to adhere to court orders. Petitioner has not responded to the court's order.

Under <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992), the court must consider five factors before dismissing a case under Federal Rule of Civil Procedure 41(b): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondent; (4) the public policy favoring disposition of cases on their merits; (5) and the availability of less drastic alternatives.

Petitioner's failure to follow court orders has thwarted the public interest in expeditious litigation and has compromised the court's ability to effectively manage its docket. There do not appear to be suitable alternatives to dismissal because it does not appear petitioner is interested in litigating this case any longer. While there is nominal prejudice to respondent should this case continue, and the public policy favoring disposition of cases on their merits weighs in favor of not dismissing this action, consideration of the other three <u>Ferdik</u> factors and their greater weight under the circumstances of this case demonstrates that dismissal is the correct course of action.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed for petitioner's failure to follow court orders under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
2  shall be served and filed within five days after service of the objections. The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: March 8, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

1 dena2639.41(b)